**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL T. COOPER-SMITH,
        *Petitioner-Appellant,*

v.

JOAN PALMATEER,
        *Respondent-Appellee.*

No. 03-35794

D.C. No.
CV-00-00848-GMK

OPINION

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted
December 8, 2004—Portland, Oregon

Filed February 16, 2005

Before: Thomas G. Nelson, Johnnie B. Rawlinson,
Circuit Judges, and William W Schwarzer,* District Judge.

Opinion by Judge T.G. Nelson

---

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

## COUNSEL

Stephen R. Sady, Chief Deputy Public Defender, Portland, Oregon, for the petitioner-appellant.

Carolyn Alexander, Assistant Attorney General, Salem, Oregon, for the respondent-appellee.

---

## OPINION

T. G. NELSON, Circuit Judge:

Michael Cooper-Smith appeals the district court's denial of his writ of habeas corpus for alleged ineffective assistance of counsel. The district court denied Petitioner's habeas petition after declining to expand the record under Rule 7 of the Rules Governing 28 U.S.C. § 2254 cases. Petitioner objects to this decision. Petitioner also presents the uncertified issue that his sentence violated *Apprendi v. New Jersey*.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm the district court's denial of Petitioner's habeas petition and its decision not to expand the record under Rule 7. We decline to expand the Certificate of Appealability in order to reach Petitioner's *Apprendi* issue.

## I.  Procedural History and Facts

### A.  Procedural History

Petitioner Michael Cooper-Smith sought federal habeas relief on the basis that, inter alia, (1) his state trial counsel ("Counsel") rendered ineffective assistance when he failed to pursue a motion to suppress evidence seized from Petitioner's home and to suppress eyewitness identifications; (2) Counsel rendered ineffective assistance when he failed to call Petitioner's doctor, Dr. True, as a witness at Petitioner's sentencing hearing; and (3) the trial court violated Petitioner's constitutional rights under the Fifth, Sixth and Fourteenth Amendments when it imposed a dangerous offender sentence without the predicate facts being proven to a jury.

---

[1] 530 U.S. 466 (2000).

The district court analogized the ineffectiveness claim for Counsel's failure to pursue the suppression motion to similar claims in the guilty plea context. The district court reviewed the claim unconstrained by 28 U.S.C. § 2254(d)(1)[2] because the Oregon post-conviction trial court applied a standard that was "contrary to" Supreme Court precedent. The Oregon court applied a "more probable than not" standard rather than the *Strickland v. Washington*[3] "reasonable probability" standard. Applying *Strickland*, the district court denied the claim because Petitioner failed to demonstrate prejudice. The district court also declined to expand the record under Rule 7 to include a declaration from the Petitioner because he had not satisfied the requirements of 28 U.S.C. § 2254(e)(2).[4]

---

[2]Section 2254(d)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d)(1). When a state court's decision is contrary to clearly established Supreme Court precedent, "a federal court will be unconstrained by § 2254(d)(1)." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) ("*Williams I*").

[3]466 U.S. 668, 694 (1984).

[4]Section 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

The district court also denied the ineffective assistance claim based on Counsel's failure to call Dr. True at the sentencing hearing because Petitioner had failed to establish prejudice. The district court concluded that Petitioner had failed to rebut the findings of fact of the post-conviction trial court that: (1) the sentencing judge considered Dr. True's report and the information that was available to Dr. True at the time of his report; (2) the sentencing judge considered the Pre-Sentence Investigation Report; (3) the sentencing judge considered the report and testimony of Dr. Colbach; (4) Petitioner is exactly the kind of offender for which the dangerous offender statutes are written; and (5) Petitioner failed to show his sentence would have differed had Dr. True been called to testify on his behalf.[5] Accordingly, the district court concluded that Petitioner had failed to establish prejudice as the result of Counsel's failure to call Dr. True, and that the post-conviction court's rejection of his claim was not contrary to, or an unreasonable application of, Supreme Court precedent. The district court also declined to expand the record under Rule 7 to include an affidavit from Dr. True because of Petitioner's failure to make the showing required by 28 U.S.C. § 2254(e)(2).

Finally, the district court denied Petitioner's *Apprendi* claim as meritless because the *Apprendi* decision has not been made retroactive to collateral proceedings.

---

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

[5]*See* 28 U.S.C. § 2254(e)(1) (requiring that state court factual findings be presumed correct unless the habeas applicant rebuts that presumption with clear and convincing evidence).

After the district court denied Petitioner's habeas petition, Petitioner received a Certificate of Appealability ("COA") as to the ineffective assistance of counsel claims from the district court. In conjunction with these claims, Petitioner challenges the district court's refusal to expand the record under Rule 7. Petitioner also presents his *Apprendi* claim as an uncertified issue. With this procedural posture in mind, we now turn to the relevant facts from Petitioner's state court proceedings.

## B.  Facts

Petitioner was indicted for four counts of rape, four counts of sodomy, two counts of attempted sodomy, three counts of kidnapping, and two counts of robbery in connection with a string of sexual assaults that occurred in the Portland, Oregon area during the summer of 1987. Prior to Petitioner's arrest, police seized clothing, jewelry, photographs, and a machete pursuant to a search warrant covering Petitioner's home and car. Petitioner was arrested and counsel was appointed to represent him.

Counsel filed motions to suppress the evidence seized from Petitioner's home and to suppress eyewitness identifications from a photo montage.[6] During the hearing on the motion to suppress eyewitness identifications, three of the four victims testified and a police officer summarized the information the fourth victim provided. The victims recounted how they had met Petitioner and detailed the sexual assaults. All three of the victims identified Petitioner as their attacker. At the conclusion of the hearing, the judge approved the propriety of the photo montage and denied the motion to suppress the eyewitness identification.

After this hearing, Petitioner agreed to waive his right to a jury trial on the rape charges and to try each of his cases to

---

[6]The montage included a photograph seized from Petitioner's home during the execution of the search warrant.

the court upon stipulated facts. Because of the stipulation, Counsel abandoned the outstanding motion to suppress evidence before the court held a hearing on that motion. In exchange for the stipulation, the state agreed to dismiss the other charges. Based upon the facts to which Petitioner stipulated, the court found Petitioner guilty of four counts of rape in the first degree and ordered a dangerous offender evaluation for sentencing purposes.

Prior to the sentencing hearing, doctors for both the state and Petitioner evaluated Petitioner to determine whether he should be classified a dangerous offender. The state's doctor, Dr. Colbach, concluded from his evaluation that petitioner had an antisocial personality and met the requirements of the dangerous offender statute. He testified to that effect at the hearing. Petitioner's doctor, Dr. True, concluded that although Petitioner had the propensity to act dangerously under certain environmental circumstances, he should not be considered a dangerous person. Counsel did not call Dr. True as a witness, although Counsel did submit his report to the court. Ultimately, the trial judge concluded that Petitioner met the definition of a dangerous offender for purposes of a sentencing enhancement under Oregon Revised Statute § 161.725, which provided for an enhanced sentence of 30 years.[7] Accordingly,

---

[7]The statute, as it existed in 1987, set forth the following criteria for imposing a dangerous offender sentence:

> [T]he maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:
>
> (1)    The defendant is being sentenced for a Class A felony, and the court finds that the defendant is suffering from a severe personality disorder indicating a propensity towards criminal activity.

OR. REV. STAT. § 161.725.

the trial court imposed thirty-year sentences for all four rape convictions.

Petitioner pursued a direct appeal on unrelated issues. The Oregon Court of Appeals denied the appeal without opinion, and the Oregon Supreme Court denied review.

Petitioner now argues that: (1) the district court improperly declined to expand the record; (2) the Oregon post-conviction trial court's opinion was contrary to, or an unreasonable application of, clearly established Supreme Court precedent; and (3) the trial court violated Petitioner's constitutional rights under the Fifth, Sixth and Fourteenth Amendments when it imposed a dangerous offender sentence without the predicate facts being proven to a jury. We disagree and affirm the district court.

## II. The District Court Properly Declined to Expand the Record

[1] Rule 7 of the Rules Governing § 2254 cases allows the district court to expand the record without holding an evidentiary hearing.[8] Petitioner argues that expansion of the record under Rule 7 should be granted without regard for the requirements of 28 U.S.C. § 2254(e)(2). We conclude, however, that those requirements do apply.

[2] The Supreme Court recently made clear in *Holland v. Jackson*,[9] that the conditions of § 2254(e)(2) generally apply to Petitioners seeking relief based on new evidence, even when they do not seek an evidentiary hearing.[10] An exception to this general rule exists if a Petitioner exercised diligence in

---

[8]28 U.S.C. foll. § 2254, R. 7.

[9]___ U.S. ___, 124 S. Ct. 2736 (2004).

[10]*Id*. at 2738 (explaining that the restrictions of § 2254(e)(2) should apply "when a prisoner seeks relief based on new evidence *without* an evidentiary hearing") (emphasis in original).

his efforts to develop the factual basis of his claims in state court proceedings.[11] We hold that this exception does not apply because, as discussed below, Petitioner did not exercise the required diligence. Thus, under *Holland*, he must comply with § 2254(e)(2) in order to expand the record under Rule 7.[12]

**[3]** Petitioner offered additional evidence in the district court to bolster his ineffective assistance of counsel claims. Specifically, Petitioner offered (1) his declaration that he never would have entered into a stipulated agreement had he known about a viable motion to suppress, and (2) Dr. True's affidavit regarding what he would have testified to if called as a witness. Although Petitioner knew of the existence of the information contained in the declaration and affidavit at the time of his state court proceedings, he did not present it during those proceedings. As a result, Petitioner failed to develop the factual basis for his claim diligently. "Diligence for purposes of the opening clause [of § 2254(e)(2)] depends upon whether [Petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court[.]"[13] The failure to investigate or develop a claim given knowledge of the information upon which the claim is based, is not the exercise of diligence.[14] Consequently, the constraints of § 2254(e)(2) apply to Petitioner's attempt to introduce the evidence in the district court.[15] Therefore, the district court correctly required Petitioner to make a showing under § 2254(e)(2) in order to expand the record under Rule 7.

---

[11]*See Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("*Williams II*").

[12]It is unclear whether a de novo or abuse of discretion standard should apply to this issue. However, we need not decide this complex issue because under either standard, the district court properly declined to expand the record.

[13]*Williams II*, 529 U.S. at 435.

[14]*See id.* at 439-40.

[15]*See id.* at 437.

**[4]** To meet the burden § 2254(e)(2) imposed, Petitioner had to show that his claim was based either on a new retroactive rule of constitutional law, or on "a factual predicate that could not have been previously discovered through the exercise of due diligence."[16] Petitioner has not made either showing. Petitioner does not argue that a new retroactive rule of constitutional law applies to his ineffective assistance of counsel claim, nor could he. Additionally, as previously discussed, Petitioner was aware of the factual predicates for his claim during his state court proceedings. Accordingly, Petitioner cannot make the showing § 2254(e)(2) requires. Therefore, the district court properly declined to expand the record under Rule 7 in this case.

## III. Ineffective Assistance of Counsel

We may grant Petitioner's application for a writ of habeas corpus on his ineffective assistance of counsel claim only if the Oregon post-conviction trial court's decision[17] was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[18] The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is Supreme Court precedent at the time of the state court's decision.[19]

---

[16]28 U.S.C. § 2254(e)(2).

[17]"In conducting our review, we look to the last reasoned state-court decision." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003), *cert. denied*, ___ U.S. ___, 124 S. Ct. 2105 (2004). In this case, because the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review, we review the Oregon post-conviction trial court's opinion.

[18]28 U.S.C. § 2254(d)(1). We may also grant an application for a writ of habeas corpus if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner does not invoke this potential basis for relief.

[19]*Williams I*, 529 U.S. at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir.), *cert. denied*, 540 U.S. 968 (2003).

Supreme Court precedent includes not only the bright-line rules it establishes but also the legal principles and standards flowing from it.[20] We review the district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo.[21]

## A. Failure to Pursue the Suppression Motion

To resolve Petitioner's ineffective assistance claim based on Counsel's failure to pursue the suppression motion, we must first decide whether the Oregon post-conviction trial court's decision was contrary to, or an unreasonable application of, Supreme Court precedent.[22] If we conclude that it was, then we must apply the correct law to the facts of the claim to determine whether relief is warranted.[23] We conclude that the Oregon post-conviction trial court's decision was contrary to clearly established Supreme Court precedent. We also conclude that Petitioner's ineffective assistance of counsel claim based on Counsel's failure to pursue a suppression motion fails because Petitioner has failed to show that Counsel's competence fell below an "objective standard of reasonableness."[24]

### 1. Contrary to clearly established Supreme Court precedent

[5] The Oregon post-conviction trial court decision was contrary to clearly established Supreme Court precedent because it applied "a rule that contradicts the governing law set forth in [Supreme Court] cases."[25] The Oregon post-conviction trial court applied a "more probabl[e] than not"

---

[20]*See Bradley v. Duncan*, 315 F.3d 1091, 1101 (9th Cir. 2002).

[21]*Clark*, 331 F.3d at 1067.

[22]*See Cooperwood v. Cambra*, 245 F.3d 1042, 1046 (9th Cir. 2001).

[23]*See id.*

[24]*Strickland*, 466 U.S. at 688.

[25]*Williams I*, 529 U.S. at 405.

standard in assessing whether the motion to quash the search warrant would have been granted if Counsel had pursued the motion. Although the Supreme Court has never spoken to ineffective assistance of counsel standards in the stipulated facts trial context, because the Court's precedent includes not only the bright-line rules it establishes but also the legal principles and standards flowing from it, *Strickland* applies to this issue.[26]

**[6]** In *Strickland*, the Supreme Court held that "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness,"[27] and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[28] Thus, *Strickland* established a two-pronged test for ineffective assistance of counsel claims based on a "reasonable probability" standard. Accordingly, because the Oregon court used a "more probabl[e] than not" standard, its decision on this issue was contrary to clearly established Supreme Court precedent.[29] Because the Oregon post-conviction trial court's decision was contrary to clearly established Supreme Court precedent, we are not bound by 28 U.S.C. § 2254(d)(1).[30] Instead, we review de novo, utilizing the correct legal standard to determine whether the case warrants habeas relief.[31]

## 2.   Analysis

In order to prevail on his ineffective assistance of counsel

---

[26]*See Bradley*, 315 F.3d at 1101.

[27]*Strickland*, 466 U.S. at 687-88.

[28]*Id*. at 694.

[29]*See Williams I*, 529 U.S. at 405-06.

[30]*Id*. at 406.

[31]*See Cooperwood*, 245 F.3d at 1046.

claim, Petitioner has to show that his attorney's competence fell below an "objective standard of reasonableness."[32] To conduct that analysis, "*Strickland* requires a reviewing court to 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' "[33] "Judicial scrutiny of counsel's performance must be highly deferential"[34] and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]"[35]

In this case, the Oregon post-conviction trial court made the following findings of fact:[36]

> 1.   Trial counsel filed a motion to suppress on petitioner's behalf. Prior to the motion being heard, petitioner decided to enter into a negotiated settlement. Trial counsel was prepared to pursue all of petitioner's challenges to the search, had not petitioner decided to enter into a stipulated agreement.

---

[32]*Strickland*, 466 U.S. at 688; *Kimmelman v. Morrison*, 477 U.S. 365, 375, 383-87 (1986); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

[33]*Kimmelman*, 477 U.S. at 386 (quoting *Strickland*, 466 U.S. at 690). The parties have argued that we must adopt one of two potentially applicable standards from Supreme Court precedent to decide this case. They are: (1) the ineffectiveness standard for failure to pursue a Fourth Amendment claim, *see Kimmelman*, 477 U.S. at 375, 383-87, or (2) the ineffectiveness standard from the guilty plea context. *See Hill*, 474 U.S. at 57. We need not decide which test to apply because under either approach, Petitioner has to show that his attorney's competence fell below an "objective standard of reasonableness." *Kimmelman*, 477 U.S. at 375; *Hill*, 474 U.S. at 57.

[34]*Strickland*, 466 U.S. at 689.

[35]*Id*. at 690.

[36]We presume these findings of fact to be correct and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

    2.   Trial counsel adequately explained petition-
er's options and rights to him before he decided to
enter into the negotiated settlement.

Petitioner has failed to rebut these facts.[37] Moreover, the
record strongly suggests that Counsel's decision not to pursue
the motion to suppress after Petitioner agreed to a stipulated
facts trial was a strategic decision.

[7] Accordingly, we conclude that Counsel was prepared to
pursue the motion to suppress and that Counsel and Petitioner
made a strategic choice not to pursue that motion. That choice
falls within the broad range of constitutionally adequate repre-
sentation. As a result, Petitioner's claim fails the first prong
of the *Strickland* test.[38] Accordingly, Petitioner is not entitled
to habeas relief based on this claim and we affirm.

## B.   Failure to Call Dr. True at the Sentencing Hearing

[8] When the Supreme Court established the test for inef-
fective assistance of counsel claims in *Strickland*, the Court
expressly declined to "consider the role of counsel in an ordi-
nary sentencing, which . . . may require a different approach
to the definition of constitutionally effective assistance."[39]
Since *Strickland*, the Supreme Court has not decided what
standard should apply to ineffective assistance of counsel
claims in the noncapital sentencing context. Consequently,
there is no clearly established law in this context. Because the
Supreme Court has not clearly established what constitutes
ineffective assistance in this context, other courts are free to
do so.[40]

---

[37]*See* 28 U.S.C. § 2254(e)(1).

[38]Because Petitioner must meet both prongs to be entitled to habeas
relief, we do not reach the second prong. *Strickland*, 466 U.S. at 697.

[39]*Id*. at 686.

[40]*See Williams I*, 529 U.S. at 412-13.

**[9]** The Oregon post-conviction trial court appears to have applied the two-prong *Strickland* analysis to Petitioner's claim for ineffective assistance of counsel based on Counsel's failure to call Dr. True at sentencing. In doing so, the court concluded that Counsel's decision not to call Dr. True to testify at the sentencing hearing did not constitute ineffective assistance of counsel. Although the Supreme Court has not expanded *Strickland* to this context, the Oregon post-conviction trial court was free to do so. Accordingly, the Oregon post-conviction trial court's conclusion was not "contrary to", or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[41] Consequently, Petitioner is not entitled to habeas relief on this claim and we affirm.

## IV.   Uncertified Issue

**[10]** Ninth Circuit Rule 22-1(e) directs that uncertified issues raised on appeal "will be construed as a motion to expand the COA and will be addressed by the merits panel to such extent as it deems appropriate."[42] "A merits panel may . . . expand the issues for review to include issues that the motions panel specifically rejected."[43] "The required showing for originally obtaining a COA on a claim remains the standard by which this court reviews the broadening of a COA."[44] That standard requires Petitioner to make a "substantial showing of the denial of a constitutional right."[45]

Petitioner alleges a violation of his due process rights based on *Apprendi* because his sentence was enhanced based on factual findings by a judge and not a jury. Petitioner relies on

---

[41] 28 U.S.C. § 2254(d)(1).

[42] NINTH CIR. R. 22-1(e).

[43] *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (per curiam).

[44] *Id.*

[45] 28 U.S.C. § 2253(c)(2).

*Blakely v. Washington*[46] and *Schriro v. Summerlin*[47] for the proposition that recent Supreme Court cases establish that *Apprendi*'s procedural rule must apply retroactively. Although Petitioner recognizes our contrary ruling in *United States v. Sanchez-Cervantes*,[48] he argues that intervening Supreme Court authority has superseded *Sanchez-Cervantes*. If higher court authority since a panel decision has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable," we may reject the prior opinion as having been effectively overruled.[49] That has not occurred with respect to *Sanchez-Cervantes*, however.

**[11]** In *Sanchez-Cervantes*, we held that "*Apprendi* does not apply retroactively to cases on initial collateral review."[50] We explained that as a new rule of constitutional criminal procedure, *Apprendi* did not fit under one of the exceptions for retroactivity provided by *Teague v. Lane*.[51] Only if higher court authority has undercut this reasoning in such a way that the cases are clearly irreconcilable may we reject *Sanchez-Cervantes* as effectively overruled.[52] That determination requires a review of recent Supreme Court cases.

In *Ring v. Arizona*,[53] the Supreme Court held that "a sentencing judge, sitting without a jury, [may not] find an aggravating circumstance necessary for imposition of the death penalty."[54] Rather, "the Sixth Amendment requires that [those

---

[46] ___ U.S. ___, 124 S. Ct. 2531 (2004).

[47] ___ U.S. ___, 124 S. Ct. 2519 (2004).

[48] 282 F.3d 664 (9th Cir. 2002).

[49] *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

[50] *Sanchez-Cervantes*, 282 F.3d at 671.

[51] 489 U.S. 288 (1989). *Sanchez-Cervantes*, 282 F.3d at 668-71.

[52] *Miller*, 335 F.3d at 900.

[53] 536 U.S. 584 (2002).

[54] *Ring*, 536 U.S. at 609.

circumstances] be found by a jury."[55] In *Summerlin*, the Court dismissed the argument that *Ring* should be retroactive because it was not a " 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding."[56] Thus, *Summerlin* does not undermine the reasoning of *Sanchez-Cervantes*.

In *Blakely*, the Supreme Court reaffirmed the *Apprendi* rule that " '[o]ther than the fact of conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' "[57] The Court did not discuss retroactivity. We have held that "the Supreme Court has not made *Blakely* retroactive to cases on collateral review."[58] Thus, *Blakely* does not undermine the reasoning of *Sanchez-Cervantes*.

**[12]** Consequently, neither *Summerlin* nor *Blakely* undermine our reasoning in *Sanchez-Cervantes* that the *Apprendi* rule is not retroactive and that rule stands. Because *Apprendi* is not retroactive, Petitioner cannot make a substantial showing of the denial of a constitutional right that applies to his case. Therefore, we deny Petitioner's request to expand the COA.

## V.   Conclusion

For the foregoing reasons, the district court's denial of petitioner's habeas corpus petition is AFFIRMED.

---

[55]*Id.*

[56]*Summerlin*, 124 S. Ct. at 2524-26 (quoting *Saffle v. Parkes*, 494 U.S. 484, 495 (1990) and *Teague*, 489 U.S. at 311) (some internal quotation marks omitted).

[57]*Blakely*, 124 S. Ct. at 2536 (quoting *Apprendi*, 530 U.S. at 490).

[58]*Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004).