**Virgil J. EASTER, Petitioner—Appellant,**

v.

**Gary FLEMING, Respondent—Appellee.**

No. 04–35770.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2005.

Decided May 20, 2005.

---

1. All outstanding motions are denied.

Jacqueline McMurtrie, Esq., Cynthia S. Fester, Matthew T. Ficcaglia, John Smelcer, University of Washington Innocence Project, Seattle, WA, for Petitioner–Appellant.

John Joseph Samson, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Easter appeals from the district court's judgment dismissing his habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Easter may not obtain relief on his ineffective assistance of counsel claims unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Here, the Washington Supreme Court not only required Easter to show that "counsel's representation fell below an objective standard of reasonableness based on all of the circumstances and that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different," *see State v. McFarland,* 127 Wash.2d 322, 899 P.2d 1251, 1256–57 (1995) (en banc), *citing Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also re-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36—3.

quired him to make the additional showing that he was "actually and substantially prejudiced by constitutional error." The state court's decision "was contrary to clearly established Supreme Court precedent because it applied 'a rule that contradicts the governing law set forth in [Supreme Court] cases.'" *Cooper–Smith v. Palmateer,* 397 F.3d 1236, 1243 (9th Cir. 2005), *quoting Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "Because the [state] court's decision was contrary to clearly established Supreme Court precedent, we are not bound by 28 U.S.C. § 2254(d)(1). Instead, we review de novo, utilizing the correct legal standard to determine whether the case warrants habeas relief." *Id.* (footnotes omitted).

■ Easter's principal contention is that his counsel's failure to consult with and obtain testimony of an expert on eyewitness testimony constituted ineffective assistance of counsel. However, this failure did not amount to deficient performance because counsel had a reasonable basis for not asking the court to appoint the expert: she had been involved in prior cases in which the court did not admit the testimony of eyewitness experts. *Rios v. Rocha,* 299 F.3d 796 (9th Cir.2002) is not to the contrary. In *Rios,* we held that counsel's decision not to investigate a particular line of defense could not reasonably be based on his reluctance to ask for public funds to hire an investigator, because counsel "was obviously aware that public funds were available if he needed them." *Id.* at 808. Here, by contrast, counsel was not "obviously aware" that the trial court would admit expert testimony; on the contrary, under Washington law, "[t]he refusal to admit expert eyewitness identification testimony is within the sound discretion of the trial judge." *State v. Barker,* 103 Wash.App. 893, 14 P.3d 863, 868 (2000).

Counsel was personally involved in cases in which the court had exercised that discretion not to admit such testimony.

■ Easter has also failed to show prejudice. In order to exclude evidence of a photospread identification, a defendant must show that the photospread was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *United States v. Carbajal,* 956 F.2d 924, 929 (9th Cir.1992) (quotation marks and citation omitted). Moreover, "[a]n in-court identification is admissible, if it is reliable, notwithstanding the fact that there may have been a suggestive exposure to the defendant." *Id.* Even with the aid of an expert, Easter would have been unable to exclude Stone–Talley's identification of him from the photospread or her in-court identification. Further, counsel argued to the jury that the in-court identification was unreliable and Easter has not shown that expert testimony, even if permitted, would have been any more persuasive.

■ Easter lists other ways his counsel erred. Some of the alleged missteps do not amount to errors of constitutional magnitude. For example, he contends counsel should have pointed out to the jury that Stone–Talley allegedly said there were Asian males in the photospread, but "counsel's tactical decisions at trial, such as refraining from cross-examining a particular witness or from asking a particular line of questions, are given great deference." *Dows v. Wood,* 211 F.3d 480, 487 (9th Cir.2000). Other actions or omissions by Easter's counsel, even if erroneous, did not prejudice Easter. For example, Easter complains that his counsel did not move to suppress the photospread until two days into trial, but the trial court considered the motion and ruled against Easter and there has been no showing that an earlier motion would have been granted.

Easter argues that the Washington Supreme Court's decision was "contrary to" *Strickland* because it failed to consider the cumulative impact of the alleged errors in determining whether Easter satisfied *Strickland*'s prejudice requirement. *See Harris v. Wood*, 64 F.3d 1432, 1438 (9th Cir.1995). We assume for purposes of this appeal only that we must review the cumulative prejudice issue de novo, unrestricted by 28 U.S.C. § 2254(d)(1). *See Cooper–Smith*, 397 F.3d at 1243. We have considered in the aggregate all the alleged errors and hold that Easter has failed to establish that he was prejudiced by the alleged errors. We also hold that the district court did not err in denying relief without an evidentiary hearing.

All other claims asserted by Easter are rejected.

AFFIRMED.