**Robert WOODROFFE, Petitioner— Appellant,**

v.

**Robert O. LAMPERT, Respondent— Appellee.**

No. 04–35969.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2006.*

Decided March 28, 2006.

Thomas J. Hester, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

---

of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-

Carolyn Alexander, Esq., AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FERNANDEZ, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM **

Robert Woodroffe appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Woodroffe was convicted by a jury in Oregon state court and sentenced pursuant to Oregon's dangerous offender statute. *See* Or.Rev.Stat. §§ 161.725, 161.735. The sentencing judge found facts not presented to the jury, using a clear and convincing evidence standard, and used those facts to increase Woodroffe's maximum sentence from twenty years to thirty years in prison. The Oregon Court of Appeals has since held that this procedure violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *State v. Warren*, 195 Or.App. 656, 98 P.3d 1129 (2004). However, Woodroffe's conviction became final prior to the *Apprendi* decision. Woodroffe argues that *Apprendi* applies retroactively to his case on collateral review and provides a basis for granting his petition for a writ of habeas corpus.

We review de novo the district court's denial of Woodroffe's petition. *Custer v. Hill*, 378 F.3d 968, 971 (9th Cir.2004). Woodroffe's arguments are foreclosed by

our precedents. In *United States v. Sanchez–Cervantes*, 282 F.3d 664 (9th Cir. 2002), we held that *Apprendi* does not apply retroactively to cases on collateral review. *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is not clearly irreconcilable with *Sanchez–Cervantes* and did not effectively overrule it. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir.2003) (en banc); *see also Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir.2005) ("*Summerlin* does not undermine the reasoning of *Sanchez–Cervantes.*").

We also reject Woodroffe's argument that, because *Sanchez–Cervantes* addressed only whether jury factfinding is more accurate than judicial factfinding, and did not consider the enhanced accuracy of a "beyond a reasonable doubt," as opposed to a "clear and convincing evidence," standard, it is inapplicable to his case. This argument is foreclosed by our reasoning in *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir.2005).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Cir. R. 36–3.