*NOT FOR PUBLICATION*

Troy THOMPSON, Petitioner—Appellant,

v.

David RUNNELLS, Warden, High Desert State Prison, Respondent—Appellee.

No. 05–17332.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Nov. 29, 2006.

Troy Thompson, Palo Alto, CA, pro se.

Dane R. Gillette, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

## MEMORANDUM [*]

The district court properly denied Appellant Troy Thompson's (Thompson) habeas petition. Thompson's constitutional challenges [1] to the state trial court's use of an anonymous jury fail, because he does not demonstrate that the California Court of Appeal's decision was contrary to clearly established United States Supreme Court precedent. *See Ferrizz v. Giurbino,* 432 F.3d 990, 993–94 (9th Cir.2005). Thompson's claim that his dignity interests were violated similarly fails. *See id.*

Thompson's state law claims fail, because "federal habeas corpus relief does not lie for errors of state law." *Little v. Crawford,* 449 F.3d 1075, 1082 (9th Cir. 2006) (citation omitted).

Thompson's claim that he was denied a liberty interest in a non-anonymous jury as created by state law is meritless, because California courts have upheld the *voir dire* procedure utilized during Thompson's trial. *See People v. Goodwin,* 59 Cal.App.4th 1084, 1090–91, 69 Cal.Rptr.2d 576 (1998).

Thompson's ineffective assistance of counsel claim fails, because he does not demonstrate the requisite prejudice. *See Cooper–Smith v. Palmateer,* 397 F.3d 1236, 1243 (9th Cir.2005).

The California Court of Appeal's opinion denying Thompson's access to the jurors' phone numbers and addresses was not contrary to or an unreasonable application of federal law, because "the California rule requiring an indigent defendant to show a specific need to obtain a complete voir dire transcript does not run counter to clearly established federal law." *Boyd v. Newland,* 467 F.3d 1139, 1151 (9th Cir.2006). Thompson also had access to the pertinent *voir dire* transcript, and the state trial court did not prohibit Thompson's counsel from showing the juror information to him.

We do not address Thompson's uncertified ineffective assistance of counsel claims, because he did not "make a substantial showing of the denial of a constitutional right to warrant a certificate of appealability." *Allen v. Ornoski,* 435 F.3d 946, 951 (9th Cir.2006) (citations and internal quotation marks omitted).

**AFFIRMED.**

*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

process; right to assist counsel during jury selection; right to the presumption of innocence; right to an impartial jury; equal protection and due process.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Thompson's constitutional claims include right to a fair trial; right to a public *voir dire*