William J. BUSH, Petitioner—Appellant,

v.

David L. RUNNELS, Warden; et al., Respondents—Appellees.

No. 06–55800.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed March 19, 2007.

**600**

---

Walter K. Pyle, Esq., Law Offices of Walter K. Pyle & Associates, Berkeley, CA, for Petitioner–Appellant.

Chung L. Mar, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: REINHARDT, BEEZER and KOZINSKI, Circuit Judges.

### MEMORANDUM [*]

William J. Bush appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Although AEDPA ordinarily requires deference to state court decisions, we review Bush's *Batson* claim de novo because the California Court of Appeal applied the more stringent standard of *People v. Wheeler,* 22 Cal.3d 258, 280, 148 Cal.Rptr. 890, 583 P.2d 748 (1978), rather than the "reasonable inference" test of *Batson v. Kentucky,* 476 U.S. 79, 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *See Williams v. Runnels,* 432 F.3d 1102, 1105 (9th Cir.2006).

■ To support a *Batson* challenge, the defendant must establish "a prima facie case 'by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose.'" *Johnson v.* *California,* 545 U.S. 162, 168, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005) (quoting *Batson,* 476 U.S. at 93–94, 106 S.Ct. 1712). "[A] wide variety of evidence" may support an inference of discrimination, and the court considers all relevant facts and circumstances. *Id.* at 169, 125 S.Ct. 2410. The fact that the excused juror " 'was the one Black member of the venire does not, in itself, raise an inference of discrimination.'" *Wade v. Terhune,* 202 F.3d 1190, 1198 (9th Cir.2000) (quoting *United States v. Vasquez–Lopez,* 22 F.3d 900, 902 (9th Cir.1994)).

■ The state court correctly concluded that Bush failed to make a prima facie showing of purposeful discrimination. The African–American member of the venire who was struck by the prosecution was not similarly situated to non-African–American jurors who remained on the panel. *See United States v. Esparza–Gonzalez,* 422 F.3d 897, 905 (9th Cir.2005) (in prima facie inquiry, it is "relevant for the court to consider the differing treatment of similarly situated potential jurors"); *Wade,* 202 F.3d at 1198 (district court appropriately considered whether evidence supported petitioner's argument that similarly situated jurors were not stricken). The record does not indicate an inference of bias.

As to the uncertified issue, we conclude that Bush has not made a substantial showing of the denial of a constitutional right. *See Cooper–Smith v. Palmateer,* 397 F.3d 1236, 1245 (9th Cir.2005). We deny Bush's motion to expand the Certificate of Appealability.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.