**Michael Eric HANSEN, Petitioner—Appellant,**

v.

**Jeanne S. WOODFORD, Director, Respondent—Appellee.**

No. 06–55592.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed April 26, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Patrick Morgan Ford, Esq., San Diego, CA, for Petitioner–Appellant.

Pamela A. Ratner, Atty. Gen., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: REINHARDT, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM *

Michael Hansen appeals the district court's denial of his habeas corpus petition. He was convicted in state court of second degree murder for killing a man with whom his wife had an affair. At trial, he claimed that he had killed the victim in self-defense. During closing arguments, the prosecutor misstated the law with respect to self-defense, and Hansen objected. The trial court sustained the objection and, in instructing the jury regarding the law of self-defense, expressly rejected the view of the law put forth by the prosecutor and explained the law correctly. On appeal, Hansen claims that the prosecutor's misstatements rendered his trial fundamentally unfair and thereby denied him due process. *See Greer v. Miller,* 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987).

In assessing whether statements by a prosecutor rendered a defendant's trial fundamentally unfair, we must view the prosecutor's statements in the context in which they were made. *Id.* at 765–66, 107 S.Ct. 3102. Where, as here, misstatements are made during closing argument, they are generally less harmful because they are subject to objection and correction by the trial court. *Boyde v. California,* 494 U.S. 370, 384, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990). Although the trial judge's curative instruction was less than ideal, we hold that it was sufficient to ensure that the prosecutor's misstatements did not render Hansen's trial fundamentally unfair. Accordingly, we affirm the district court's denial of habeas relief with respect to that claim.

Hansen also briefed two issues that were not certified for appeal by the district court. We treat his briefing of these issues as a motion to expand the certificate of appealability. Ninth Cir. R. 22–1(e). Because we conclude that Hansen has not "ma[de] a substantial showing of the denial of a constitutional right" with respect to either of these issues, *Cooper–Smith v. Palmateer,* 397 F.3d 1236, 1245 (9th Cir.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2005) (internal quotation marks and citation omitted), we deny his motion to expand the certificate of appealability.

For the foregoing reasons, the district court's denial of habeas relief is

AFFIRMED.