**Stacey BROWN, Petitioner–Appellant,**

**v.**

**Jean HILL, Respondent–Appellee.**

**No. 07–35198.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed Feb. 20, 2008.

Kendra M. Matthews, Esq., Ransom & Blackmon, LLP, Steven T. Wax, FPD, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lynn David Larsen, Esq., Lester R. Huntsinger, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Stacey Brown pleaded guilty to murder by abuse and was sentenced to life in prison with a 25–year minimum. Brown appeals the district court's denial of his petition of a writ of habeas corpus under 28 U.S.C. § 2254. To obtain habeas relief, Brown must demonstrate that the Oregon post-conviction trial court's decision [1] was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is Supreme Court precedent at the time of the state court's decision. *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

We disagree that the state court improperly applied the prejudice prong from *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), such that our review should be de novo. *See Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1243 (9th Cir.2005); *see also Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (the court may reject a habeas claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial). In determining whether there was a reasonable probability that but for counsel's error Brown would have insisted on going to trial, the state court properly applied the standard articulated in *Hill*. On this record, we cannot conclude that it was objectively unreasonable for the state court to have considered the strength of the prosecution's case, the likelihood that Brown would have received the death penalty, and whether the evidence concealed from Brown by his counsel would have been a valid defense to the charges against him when it evaluated Brown's statement and his counsel's belief that Brown would have proceeded to trial. "An unreasonable

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. "In conducting our review, we look to the last reasoned state-court decision." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir.

2003). In this case, because the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review, we review the Oregon post-conviction trial court's opinion.

application of federal law is different from an incorrect application of federal law." *Williams,* 529 U.S. at 410, 120 S.Ct. 1495. The state court decision must be affirmed unless it is "objectively unreasonable." *See Bell v. Cone,* 535 U.S. 685, 698–99, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). Accordingly, habeas corpus relief is not warranted.

AFFIRMED.