**Gerald LESTER, Petitioner—Appellant,**

v.

**Robert AYERS, Jr., Respondent— Appellee.**

No. 06–16228.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2008 *.

Filed Feb. 25, 2008.

Gerald Lester, Crescent City, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David H. Rose, Esq., Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Gerald Lester, a California state prisoner, appeals pro se the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254. He contends his trial and appellate attorneys rendered constitutionally ineffective assistance of counsel. We reject that contention and we affirm.

## DISCUSSION

We review de novo the district court's decision to deny Lester's habeas petition. *See Polk v. Sandoval*, 503 F.3d 903, 909 (9th Cir.2007). Because Lester filed his petition after April 24, 1996, our review is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d). Under the AEDPA, we may not grant a habeas petition unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The clearly established law applicable here is the test for ineffective assistance of counsel as set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish that claim, Lester was required to show his "counsel's performance was deficient" and there is a reasonable probability that, but for the deficiency, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687 & 694, 104 S.Ct. 2052.

 Lester contends his trial counsel was ineffective for not adequately impeaching the pathologist regarding the time of death of the murder victims. We agree with the district court that even if counsel had pursued an additional theory of impeachment, Lester failed to demonstrate prejudice. The record indicates his counsel was able to impeach the pathologist to the point the doctor admitted he changed his opinion regarding the time of death, that there remained "a lot of uncertainty," and that "it would just be completely wrong and foolish for me to say that death clearly occurred on the 5th." Given this degree of successful impeachment, it is clear that the additional impeachment urged by Lester would not have changed the result of the proceedings. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

 Lester argues his appellate counsel was ineffective for failing to raise a speedy trial claim. Much of the delay here, however, was caused by the state court's decision to join defendants, a decision the federal district court concluded was "based on sound reasons of judicial economy" such as "the overlap in witnesses, discovery, and other trial-related matters." Further, there is no question this was a complicated, multiple-murder case with a great deal of evidence that required substantial time to prepare. Finally, Lester does not make a credible argument that the outcome of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the trial would have been different if it had been conducted on the earlier schedule. These factors indicate that Lester's appellate counsel was not ineffective for failing to raise a claim that would not have prevailed. Indeed, we have noted that "weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Bailey v. Newland,* 263 F.3d 1022, 1028–29 (9th Cir.2001) (internal quotation omitted).

Lester also contends his appellate counsel should have investigated a report that the prosecution had impermissibly contacted a juror's co-worker about the case. Lester did not submit any evidence, however, that any juror received extrinsic evidence or was not impartial. The district court properly denied his request for an evidentiary hearing because he did not demonstrate his claim relied on facts "that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). The "failure to investigate or develop a claim given knowledge of the information ... is not the exercise of diligence." *Cooper–Smith v. Palmateer,* 397 F.3d 1236, 1241 (9th Cir.2005).

Finally, we do not reach the merits of the several uncertified claims Lester raises in his opening brief. He did not make the requisite "substantial showing of the denial of a constitutional right" that would permit us to expand the Certificate of Appealability. *See Doe v. Woodford,* 508 F.3d 563, 567 (9th Cir.2007) (internal quotation omitted).

**AFFIRMED.**