**Patrick D. OSTERHOFF,**
**Petitioner–Appellant,**

**v.**

**Robert O. LAMPERT, Respondent–**
**Appellee.**

No. 07–35823.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Dec. 16, 2008.

**506**

Anthony Bornstein, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esquire, Assistant Attorney General, Oregon Department of Justice, Douglas Park, Esquire, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER, District Judge.*

MEMORANDUM **

Petitioner Patrick Osterhoff appeals the district court's denial of his petition for federal habeas corpus relief. This court has jurisdiction under 28 U.S.C. §§ 1291 and 2253. Osterhoff argues that his counsel at trial provided ineffective assistance of counsel, and that the district court erred

by refusing to expand the record to include three new exhibits. We agree with the district court that Osterhoff failed to exhaust some of his claims in state court, and that he was not entitled to have the record supplemented. We hold that Osterhoff's one exhausted claim fails on the merits. We therefore affirm the judgment of the district court.

We review the district court's denial of habeas relief de novo. 28 U.S.C. § 2254; *see also Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004). A finding of procedural default is also reviewed de novo. *Pirtle v. Morgan,* 313 F.3d 1160, 1168 (9th Cir.2002).

■ We affirm the district court's finding that Osterhoff failed to exhaust his jury waiver claims in state court, and that those claims are therefore procedurally defaulted. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Although both the state and federal petitions pursued relief based upon the Sixth Amendment's guarantee of effective assistance of counsel, the state court did not have an opportunity to address the substance of Osterhoff's claims relating to his jury waiver that were subsequently raised in federal court. An issue has been adequately presented to the state court "when the petitioner has presented [that] court with the issue's factual and legal basis." *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir.1999). The district court correctly concluded that the claims in Osterhoff's federal petition "fundamentally alter the legal claim already considered by the state courts." *Chacon v. Wood,* 36 F.3d 1459, 1468 (9th Cir.1994) (quotation marks omitted); *see also Carriger v. Lewis,* 971 F.2d 329, 333 (9th Cir.1992) (en banc).

---

\* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Osterhoff's argument regarding his counsel's failure to present a coherent theory at trial fails for a different reason.[1] Although the claim was presented to the state court and thereby preserved, the trial theory was not in fact incoherent. Trial counsel did indeed offer two different theories to support reasonable doubt, but the two theories were not in any internal conflict. There is no reason to think that counsel's decision to offer multiple theories of innocence was ineffective in violation of the Sixth Amendment.

We also agree with the district court that Osterhoff was not entitled to supplement the record. If a habeas petitioner does not exercise diligence in his effort to develop the factual basis of his claims while in state court, he is not entitled to expand the record under Rule 7 unless he is entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2). *Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir.2005). The district court correctly concluded that, had Osterhoff exercised reasonable diligence, he could have offered his three new exhibits in his state proceeding. One exhibit was a letter that was sent to him, and another was a letter that was referenced in open court before Osterhoff's trial. Thus, § 2254(e)(2) governs Osterhoff's request to expand the record, and Osterhoff has not met that provision's restrictive conditions for showing diligence or prejudice.

**AFFIRMED.**

---

1. The state post-conviction order did not address this argument with specificity. This court has reviewed for clear error when a state court reaches a decision but does not provide any supporting reasoning. *Pirtle*, 313 F.3d at 1167. And when "the state court has not addressed a constitutional issue at all, then our review is de novo." *Brazzel v. Washington*, 491 F.3d 976, 983 (9th Cir.2007). Since Osterhoff's claim fails even under de novo review, we need not determine which standard applies.