NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN FRANKLIN KNIGHT, | No. 08-35905 |
| Petitioner - Appellant, | D.C. No. 6:06-cv-00345-TC |
| v. | |
| BRIAN BELLEQUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted June 8, 2010**
Portland, Oregon

Before: FERNANDEZ, McKEOWN, and PAEZ, Circuit Judges.

John Franklin Knight appeals from the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition challenging the 630-month sentence imposed

following his guilty plea to nine counts of first-degree robbery.  Knight alleges that

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his trial counsel was constitutionally ineffective for failing to inform him of a plea offer under which he would have received a 270-month sentence. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applies to Knight's claim, and we have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial of the petition, *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009), and we affirm.

Although failing to communicate a plea offer would likely constitute ineffective assistance of counsel, *see Nunes v. Mueller*, 350 F.3d 1045, 1056 (9th Cir. 2003), here the state court reasonably determined that Knight's trial counsel had in fact informed Knight of the plea offer. Trial counsel attested that it was his "invariable practice" to communicate plea offers to clients, and it is undisputed that Knight was present at a pre-trial hearing at which the prosecution confirmed that an offer was "on the table." Indeed, the only evidence that Knight's counsel had not informed him of the offer was Knight's own testimony. Because the state court thus did not base its denial of Knight's ineffective assistance of counsel claim on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," we affirm the denial of habeas relief on this claim. *See* 28 U.S.C. § 2254(d)(2).

Further, the district court did not err in refusing to allow Knight to expand the record to include new evidence in support of his claim. Contrary to Knight's contention, § 2254(e)(2) limits a district court's discretion to consider new evidence unless the petitioner was diligent in developing the facts before the state court or other exceptions apply. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). Knight did not exercise diligence in the state court post-conviction proceeding by relying on his trial counsel's testimony undercutting his claim, and he does not contend that any other exception to § 2254(e)(2)'s bar on consideration of new evidence applies.

**AFFIRMED.**