**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY BRAVO,

                Petitioner - Appellant,

v.

RANDY GROUNDS, Warden,

                Respondent - Appellee.

No. 11-55557

D.C. No. 2:10-cv-02687-PSG-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted June 5, 2014
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and ENGLAND, Chief District Judge.[**]

       The district court properly denied California state prisoner Anthony Bravo's petition for a writ of habeas corpus, which is based on an ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668 (1984).

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Morrison C. England, Jr., Chief District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

## I.

"When more than one state court has adjudicated a claim, we analyze the last reasoned decision." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). An exception to this rule arises when "the last reasoned decision adopted or substantially incorporated the reasoning from a previous decision." *Id.* at 1093. That exception does not apply here where the California Court of Appeal did not discuss or reference the opinion of the Superior Court.

## II.

The Court of Appeal's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). By omitting the language regarding a "reasonable probability," the Court of Appeal impermissibly held Petitioner to a heightened standard on the prejudice prong of the *Strickland* inquiry. *See* 466 U.S. at 694.

## III.

The Court of Appeal's reliance on an improper standard as to the prejudice prong of Petitioner's ineffective assistance argument requires that this panel review his claim de novo. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1243 (9th Cir. 2005). However, even under a de novo standard of review, Petitioner failed to establish either prejudice or deficient performance under *Strickland*. Any failure

by defense counsel to investigate the potential witness or to present evidence of the facts included in her declaration was harmless in light of the overwhelming evidence of Petitioner's guilt. This evidence includes Petitioner's refusal to comply with police orders over an extended period of time, the discovery of firearms and ammunition in a locked safe located near where Petitioner had been standing, the presence of men's clothing in Petitioner's size in the bedroom, and bills and registration documents in Petitioner's name in the bedroom. Moreover, defense witness Jonathan Ortiz was less than credible—as Petitioner himself acknowledges.

As to *Strickland*'s deficient performance prong, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Petitioner offers no evidence to suggest that counsel's decisions were not "based on professional judgment," *id*. at 681, and Petitioner therefore fails to meet his "heavy burden," *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001).

**AFFIRMED.**