**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KARL ADOLPH FRANTZ,
            *Petitioner-Appellant,*

            v.

HERBERT HAZEY; DORA B. SCHRIRO,
Director,

            *Respondents-Appellees.*

No. 05-16024

D.C. No.
CV-04-00135-WDB
District of Arizona,
Tucson

ORDER

Filed January 5, 2007

Before: Mary M. Schroeder, Chief Judge.

## ORDER

Pursuant to 18 U.S.C. § 3006A(a)(2)(B), we order the appointment of counsel to serve as amicus curiae counsel in support of inmate Karl Adolph Frantz. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Accordingly, the Clerk shall serve a copy by phone and facsimile of this Order on Jon M. Sands, Federal Public Defender, 850 West Adams Street, Suite 201, Phoenix, Arizona 85007, who will locate suitable counsel able to give this matter immediate attention in light of the exigent nature occasioned by the en banc proceedings. The district court shall provide the Clerk of this Court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 556-6228) within seven days of locating counsel. Counsel shall be appointed under the Criminal Justice Act.

On the merits of his petition for habeas relief, Frantz alleges that his inability to participate personally in a bench

conference regarding the jury's request to hear a tape of a 911 telephone call violated his Sixth Amendment right of self-representation under *McKaskle v. Wiggins*, 465 U.S. 168 (1984). The Arizona Court of Appeals disposed of petitioner's claim on harmless error grounds after assuming a constitutional violation occurred. Yet, the Supreme Court has construed a violation of the Sixth Amendment right of self-representation as a structural defect not susceptible to harmless error review. *Id.* at 177 n.8.

We order the parties to brief the following issues:

(1)  (a)  When a state court utilizes a legal test contrary to that endorsed by the Supreme Court, may we affirm the denial of federal habeas relief if the ultimate decision of the state court (but not its reasoning) is consistent with precedent of the Supreme Court? *See Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005) (affirming denial of federal habeas relief where de novo review of an ineffective assistance of counsel claim showed that the conduct did not rise to the level of a constitutional violation); *cf. Williams v. Taylor*, 529 U.S. 362, 406 (2000) ("A state-court decision will also be contrary to this Court's clearly established precedent if the state court . . . arrives at a result different from our precedent."); *Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002) ("[T]he intricacies of the state court's analysis need not concern us; what matters is whether the *decision* the court reached was contrary to controlling federal law.").

(b)  Or, is our review under the "contrary to" prong of 28 U.S.C. § 2254(d)(1) confined

to the reasoning employed by the state court, necessitating a grant of federal habeas relief when the state court utilized reasoning contrary to precedent of the Supreme Court? *See Van Lynn v. Farmon*, 347 F.3d 735, 741 (9th Cir. 2003) ("[A] federal court may not avoid granting habeas relief by positing an alternative reason for the state court's decision that might have enabled the state court to reach the same result, where the record reveals that the state court did not base its decision on that alternative reason."); *cf. Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) (noting that a state court need not even be aware of the Supreme Court's cases "so long as neither the reasoning nor the result of the state-court decision contradicts them").

(2)   Does petitioner's claim amount to structural error under *McKaskle v. Wiggins*, 465 U.S. 168 (1984)?

The government shall file its brief by February 2, 2007 and petitioner by February 23, 2007. The government may file a reply brief by March 2, 2007. Briefs shall not exceed 14,000 words. A copy of this Order shall also be served by the Clerk via phone and facsimile on counsel for the Respondent Warden.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.