**Leonal Marin TORRES, Petitioner,**

v.

**Jeffrey UTTECHT, Respondent.**

**No. C06–830–RSM–JPD.**

United States District Court,
W.D. Washington,
at Seattle.

Jan. 17, 2008.

Thomas W. Hillier, II, Laura E. Mate, Federal Public Defender's Office, Seattle, WA, for Petitioner.

Gregory J. Rosen, Attorney General's Office, Olympia, WA, for Respondent.

## ORDER GRANTING § 2254 PETITION

RICARDO S. MARTINEZ, District Judge.

The Court, having reviewed petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, respondent's answer, petitioner's response, respondent's reply, the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, objections thereto, and the balance of the record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation.

(2) Petitioner's amended petition for a writ of habeas corpus (Dkt. No. 22) is GRANTED.

(3) Respondent is directed to release petitioner within 30 days from the date of this Order, unless the State of Washington commences proceedings to retry him.

(4) The Clerk is directed to send a copy of this Order to all counsel of record and to Judge Donohue.

## REPORT AND RECOMMENDATION

### INTRODUCTION

JAMES P. DONOHUE, United States Magistrate Judge.

In 2002, petitioner Leonal Marin–Torres was convicted, after representing himself in a state court trial, of three counts of assault in the second degree and one count of unlawful possession of a firearm. He was sentenced to 151 months in prison. Through counsel, petitioner has filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner's primary claim is that the state court violat-ed his Sixth Amendment right to self-representation when it answered a question posed by the jury during deliberations, without translating the question for petitioner nor seeking his view on how to respond. Having reviewed the parties' submissions, the Court concludes that petitioner is entitled to habeas relief because the state court's error was structural and contrary to clearly established federal law.

### BACKGROUND

On direct appeal, the Washington Court of Appeals summarized the facts of petitioner's case as follows:

After an altercation with several other men, Leonel Marin–Torres was charged with three counts of second degree assault with a firearm and one count of unlawful possession of a firearm. He represented himself at trial, and was tried with a co-defendant, Omar Lopez–Castillo. The trial court instructed the jury on the lesser included crime of unlawful display of a weapon in addition to the crimes charged.

During deliberations, the jury sent the following note to the trial court:

If 3 people say no on account of 2nd Degree assault & everyone agrees on unlawful display is that okay to decide on unlawful display even if the 3 decide 2nd degree? We need clarification, according to the law, between 2nd degree assault & unlawful display.

The trial court responded with the following note: "The answers to your questions are contained in the instructions you have been given."

Although Marin–Torres was present during discussion of the jury inquiry, there was no interpreter present. And Marin–Torres apparently was not present when the trial court wrote its response and sent it to the jury.

The jury found Marin–Torres guilty of the second-degree assault and unlawful possession charges. The trial court sentenced him to 151 months, including three mandatory 36 month terms for the firearm enhancements.

(Dkt. No. 33, Ex.7 at 2).

Petitioner appealed to the Washington Court of Appeals, which affirmed his conviction in an unpublished opinion. (Dkt. No. 33, Ex. 7). Petitioner filed a petition for review in the Washington Supreme Court, which that court denied. (*Id.,* Ex. 10). Petitioner then filed a personal restraint petition ("PRP") in the Washington Court of Appeals. (*Id.,* Ex. 12). The court dismissed the PRP. (*Id.,* Ex. 16). Finally, petitioner filed a motion for discretionary review in the Washington Supreme Court which was denied. (*Id.,* Ex. 18).

Petitioner filed the instant petition for a writ of habeas corpus on June 29, 2006, along with a motion for appointment of counsel. (Dkt. No. 5). The court granted petitioner's motion for appointment of counsel because it was unclear whether petitioner had sufficient command of the English language to properly present his claims. (Dkt. No. 19). The Federal Public Defender was appointed to represent petitioner and on May 2, 2007, counsel for petitioner filed an amended habeas petition. (Dkt. No. 24). Respondent filed his answer on July 16, 2007, along with the state court record. (Dkt. No. 31). Petitioner filed a response (Dkt. No. 35) and respondent filed a reply. (Dkt. No. 36). The matter is now ready for review.

### GROUNDS FOR RELIEF

Petitioner's amended habeas petition sets forth the following grounds for relief:

1. When on the second day of deliberations the jury asked a question about the lesser included offense, [petitioner] was neither provided with an interpreter nor consulted before the trial court responded, in violation of his Fifth, Sixth, and Fourteenth Amendment rights to an interpreter to be present and to represent himself.

2. [Petitioner's] Fifth and Sixth Amendment rights to present a defense, to represent himself, and to compulsory process, were violated when, although he was a Spanish-speaking pro se litigant, the trial court (a) denied his right to call his witness, Cheryl Peralta, (b) denied him access to a phone on which he could make non-collect calls to potential witnesses, and (c) failed to assist him in translating relevant documents including prior statements by the State's witnesses.

(Dkt. No. 24 at 7–8).

### DISCUSSION

#### A. Standard of Review under Habeas Statute

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs because petitioner filed his habeas petition after April 24, 1996. *See Lindh v. Murphy,* 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Barajas v. Wise,* 481 F.3d 734, 738 (9th Cir.2007). Under AEDPA, petitioner may obtain relief only in one of two circumstances. First, he may obtain relief if the state court's denial of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Clearly established Federal law" refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions. *See Carey v. Musladin,* 549 U.S. 70, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006). A state-court decision is "contrary to" clearly established

Supreme Court precedent if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." *Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state-court decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407, 120 S.Ct. 1495.

Second, petitioner may obtain relief if the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal courts must presume the correctness of the state court's factual findings, but petitioner may rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Finally, a federal court sitting in habeas jurisdiction must be convinced that the state court's decision is "more than incorrect or erroneous." *Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The state court's decision must be "objectively unreasonable." *Id.*

### B. *The Trial Court's Failure to Consult Petitioner Violated his Right to Self–Representation*

It is undisputed that the trial court did not translate the jury's question for petitioner nor did it seek his views before deciding how to answer the question. Petitioner argues that this omission was contrary to established Supreme Court precedent and that the error was "structural," and therefore, he need not show prejudice in order to be entitled to relief. *See McKaskle v. Wiggins,* 465 U.S. 168, 174, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). The petitioner also argues that the trial court's failure to ensure petitioner's presence

when it crafted a response to the jury's question violated petitioner's due process rights. For the reasons set forth below, the Court need only address the first argument.

The Supreme Court unequivocally established a defendant's right to self-representation in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The Supreme Court elaborated on this right in *McKaskle,* which involved a claim by a habeas petitioner that his standby counsel, who had been appointed to assist him in his criminal trial, had been overzealous and had interfered with petitioner's own control over the presentation of his case. The Court found that standby counsel's unsolicited participation in the trial did not violate petitioner's *Faretta* right, but the Court also firmly established the broad parameters of self-representation:

A defendant's right to self-representation plainly encompasses certain specific rights to have his voice heard. The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial.

465 U.S. at 174, 104 S.Ct. 944.

Further, the Court pointed out in *McKaskle* that in cases where a defendant's *Faretta* right had been violated, it would make no sense to analyze the violation under a "harmless error" standard. The Court observed that self-representation "usually *increases* the likelihood of a trial outcome unfavorable to the defendant." 465 U.S. at 177, n. 8, 104 S.Ct. 944 (emphasis added). Therefore, the Court implied, the denial of the right would almost always be deemed harmless, and the right rarely vindicated. *Id.* To avoid this situation, the Court asserted that "[t] he

right is either respected or denied; its deprivation cannot be harmless." *Id.*

Thus, the *McKaskle* Court placed a *Faretta* violation in the category of constitutional error known as a "structural" error, which is not amenable to harmless error analysis. *Id.* Since *McKaskle* was decided, the Court has repeatedly reaffirmed the principle that denial of a defendant's *Faretta* right is a "structural" error. *See Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1990); *Neder v. United States*, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *United States v. Gonzalez–Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 2564, 165 L.Ed.2d 409 (2006).[1]

■ In his reply, respondent objects to the characterization of the trial court's error as a structural error and argues that instead, the error is a simple trial error, which would trigger the application of harmless error analysis. Without elaboration, respondent contends that "[s]imply because a criminal defendant chooses to proceed *pro se* does not mean that every trial error inherently constitutes a *Faretta* violation." (Dkt. No. 36 at 2). However, respondent's argument is unpersuasive. First, respondent fails to delineate when a trial court's exclusion of a *pro se* defendant might be mere trial error and when it might rise to the level of a *Faretta* violation. Second, respondent's argument does not acknowledge the broad parameters of self-representation that the Court outlined in *McKaskle*. 465 U.S. at 174, 104 S.Ct. 944. If a trial court must respect the right of a *pro se* defendant "to make motions, to argue points of law, to participate in voir dire, [and] to question witnesses," *id.*, then

it would be inconsistent with this right to exclude such a defendant from participating in the crucial matter of how to resolve an issue raised during jury deliberations—especially an issue such as the one here that indicated the jury was struggling to resolve a lack of unanimity on the various charges. Accordingly, the Court cannot accept respondent's characterization of the error here as mere "trial error," and concludes that the error was "structural."

■ Having concluded that the error was structural, the Court turns to the state court's decision. The Washington Court of Appeals acknowledged that the trial court erred when "it did not allow [petitioner] to participate in the discussion of the jury inquiry or to know what the trial court said in response." (Dkt. No. 33, Ex. 7 at 6). However, the state court then proceeded to analyze the error under a "harmless error" standard and concluded: "[T]his error was harmless because the instructions [given] were not erroneous, the trial court did not give the jury any new information, and Marin–Torres was not prejudiced." (Dkt. No. 33, Ex. 7 at 6).

Thus, the Washington Court of Appeals treated the error as a trial error, not as a structural error, and applied a "harmless error" standard to resolve the matter. As *McKaskle* makes clear, however, deprivation of a *Faretta* right is a structural error not amenable to harmless error analysis. Accordingly, the state court's decision was contrary to clearly established Supreme Court precedent because it contradicted the law set forth in *McKaskle*. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,*

---

**1.** Respondent points out that the Ninth Circuit, sitting *en banc,* has recently reheard a case that raises an issue similar to the case at bar. *See Frantz v. Hazey,* 472 F.3d 1104 (2007). While a decision has yet to be rendered in *Frantz,* the Court notes that in its Order for briefing, the Ninth Circuit reaffirm-

ed that "the Supreme Court has construed a violation of the Sixth Amendment right of self-representation as a structural defect not susceptible to harmless error review." *Id.,citing McKaskle,* 465 U.S. at 177, n. 8, 104 S.Ct. 944.

529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

 Arguing against this conclusion, respondent maintains that petitioner has failed to satisfy the habeas statute's requirement that relief be granted only to petitioners whose claims are based upon "clearly established Supreme Court precedent." *See* 28 U.S.C. § 2254(d)(1). Specifically, respondent contends that petitioner has failed to show "that there is a U.S. Supreme Court case based upon the same facts as [petitioner's] case where the Supreme court [sic] held such actions by a trial court constituted a violation of *Faretta v. California.*" (Dkt. No.36 at 3). However, respondent overstates the statute's requirement. Petitioner need not cite a Supreme Court case with *exactly* the same facts as here in order to satisfy the requirement that his claim be based upon clearly established Supreme Court precedent. As the Court stated in *Williams:* "[R]ules of law may be sufficiently clear for habeas purposes *even when they are expressed in terms of a generalized standard rather than as a bright-line rule.*" 529 U.S. at 382, 120 S.Ct. 1495 (emphasis added). A rule is designed for the specific purpose of evaluating a myriad of factual contexts, and thus a novel factual situation may nonetheless be dictated by Supreme Court precedent. *Id.; see Robinson v. Ignacio,* 360 F.3d 1044, 1056–57 (9th Cir. 2004) ("[The Supreme Court's] silence on [a] particular issue need not prevent us from identifying and applying the general governing principles to the case at hand."). Therefore, petitioner's reliance on *Faretta, McKaskle,* and their progeny, satisfies the statute's requirement that a habeas claim be based upon on clearly established law.

In sum, because the state court's decision was contrary to clearly established Supreme Court precedent, petitioner is entitled to relief. The trial court's exclusion of him at the jury deliberation stage violated petitioner's *Faretta* right and this error is so intrinsically harmful that it requires automatic reversal without regard to its effect on the outcome of the trial. *See Neder,* 527 U.S. at 7, 119 S.Ct. 1827. Accordingly, the Court recommends that the amended petition for a writ of habeas corpus be granted.[2]

### CONCLUSION

For the foregoing reasons, petitioner's amended petition for a writ of habeas corpus should be granted. A proposed Order accompanies this Report and Recommendation.

---

**2.** Because the Court reaches this conclusion regarding petitioner's *Faretta* claim, it is unnecessary to address his claim that the trial court violated his right to due process in excluding him. Similarly, the Court need not consider petitioner's entire second ground for relief. *See, e.g., Frierson v. Woodford,* 463 F.3d 982, 988 n. 8 (9th Cir.2006).